IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FELICIA CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:05-cv-3217-WSD |
| | ) | |
| WELLSTAR HEALTH SYSTEM, | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant WELLSTAR HEALTH SYSTEM, INC., by and through its

undersigned attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil

Procedure, hereby answers Plaintiff's Complaint as follows:

## I.      PRELIMINARY STATEMENT

## PARAGRAPH NO. 1:

This is an action seeking remedy and redress for violations of Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII")
and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## ANSWER:

Defendant admits that Plaintiff brings this action seeking remedy and redress

for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

2000 <u>et</u> <u>seq</u>. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981

("Section 1981"), but denies that it violated Title VII or Section 1981 and further

denies that Plaintiff is entitled to any relief whatsoever.

## PARAGRAPH NO. 2:

Plaintiff files this suit against Defendant for discrimination in employment based on race and sex in violation of Title VII and discrimination in employment based on race in violation of Section 1981.

## ANSWER:

Defendant admits that Plaintiff files this suit for alleged discrimination in

employment based on race and sex in violation of Title VII and alleged

discrimination in employment based on race in violation of Section 1981, but

denies that it violated Title VII or Section 1981 and further denies that Plaintiff is

entitled to any relief whatsoever.

## II.    JURISDICTION AND VENUE

## PARAGRAPH NO. 3:

Plaintiff has satisfied the jurisdictional pre-requisites to suit, having timely filed a charge of discrimination with the Equal Employment Opportunity Commission and having received a notice of right-to-sue within ninety (90) days from the filing of this suit.

## ANSWER:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 4:**

The federal question jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

**ANSWER**:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 5:**

Plaintiff is a resident of the State of Georgia and submits to the jurisdiction of this Court by filing suit.

**ANSWER**:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 6:**

Defendant WellStar Health System, Inc. is a Georgia corporation and is subject to the jurisdiction of this Court.

**ANSWER**:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 7:**

Service of the Summons and Complaint in this matter may be perfected upon Defendant by serving its registered agent, Samuel D. Bishop, 531 Roseland Street, Suite 600, Marietta, Georgia 30060.

**ANSWER**:

Defendant admits that process may be served upon WellStar's registered agent, Samuel D. Bishop, 531 Roselane Street, Suite 600, Marietta, Georgia, 30060.

**PARAGRAPH NO. 8:**

All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

**ANSWER**:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 9:**

Accordingly, venue is proper in this Court.

**ANSWER**:

Defendant admits the allegations in this paragraph.

### III.   PARTIES

**PARAGRAPH NO. 10:**

Defendant is in the business of healthcare.

**ANSWER**:

Defendant admits the allegations in this paragraph.

4

**PARAGRAPH NO. 11:**

Plaintiff is an African-American woman and an employee of Defendant's Kennestone Hospital in Kennesaw, Georgia.

**ANSWER**:

Defendant admits the allegations in this paragraph.

## IV.   FACTUAL ALLEGATIONS

**PARAGRAPH NO. 12:**

Plaintiff began her employment with Kennestone Hospital in August 2004 as a PRN [as needed] nurse in the outpatient Infusion Center.

**ANSWER**:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 13:**

On or about October 4, 2004, Plaintiff learned that a Weekend Option nurse position [working 24 hours for 32 hours pay with full-time benefits] was available in the Infusion Center.

**ANSWER**:

Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph and therefore denies

same.

**PARAGRAPH NO. 14:**

Plaintiff was qualified for the position.

**ANSWER**:

Defendant admits that Plaintiff met the minimum qualifications for the

position.

**PARAGRAPH NO. 15:**

Plaintiff expressed her interest in the position to Kathi Mansfield, her
manager.

**ANSWER**:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 16:**

Ms. Mansfield faxed Plaintiff the weekend option agreement and then
discussed it with Plaintiff in detail.

**ANSWER**:

Defendant admits that Ms. Mansfield faxed the weekend option agreement

to Plaintiff and discussed it with her.

**PARAGRAPH NO. 17:**

For the remainder of October, Plaintiff and Ms. Mansfield continued to
discuss Plaintiff's interest in the position, as well as salary and benefits associated
with the position.

**ANSWER:**

Defendant admits that, at times in October 2004, Ms. Mansfield and Plaintiff

discussed the weekend option position, including salary and benefits associated

with the position.

**PARAGRAPH NO. 18:**

Both Ms. Mansfield and the human resources recruiter told Plaintiff she was
qualified for the position.

**ANSWER**:

Defendant admits that Plaintiff was told that she met the minimum

qualifications for the position.

**PARAGRAPH NO.  19:**

On or about November 2, 2004, Ms. Mansfield informed Plaintiff that the
position had been awarded to Francis Jenkins, a Caucasian nurse from outside of
the Infusion Center.

**ANSWER**:

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO.  20:**

Plaintiff was informed that she did not get the position because "the group"
did not know her well as a nurse and because she had young children and might
decide at some point that she did not want to work weekends.

**ANSWER**:

Defendant denies the allegations in this paragraph.

**PARAGRAPH NO.  21:**

At the time, Plaintiff was the only African-American nurse and the only nurse with young children in the Infusion Center.

**ANSWER**:

Defendant admits that Plaintiff was the only African-American nurse in the

Infusion Center at Kennestone Hospital.  Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegation in

this paragraph and therefore denies same.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

**PARAGRAPH NO.  22:**

Plaintiff restates and re-alleges paragraphs 12-21 of the Complaint as if fully set forth herein.

**ANSWER**:

Defendant incorporates its answers to Paragraph Nos. 1 to 21 as its answer

to Paragraph No. 22.

**PARAGRAPH NO. 23:**

By the conduct stated, Defendant has discriminated against Plaintiff because

of her race in violation of Title VII.

**ANSWER**:

Defendant denies the allegations in this paragraph.

8

## COUNT II

## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

## PARAGRAPH NO.  24:

Plaintiff restates and re-alleges paragraphs 12-21 of the Complaint as if fully set forth herein.

## ANSWER:

Defendant incorporates its answers to Paragraph Nos. 1 to 23 as its answer

to Paragraph No. 24.

## PARAGRAPH NO.  25:

By the conduct stated, Defendant has discriminated against Plaintiff because of her sex in violation of Title VII.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COUNT III

## RACE DISCRIMINATION IN VIOLATION OF SECTION 1981

## PARAGRAPH NO.  26:

Plaintiff restates and re-alleges paragraphs 12-21 of the Complaint as if fully set forth herein.

## ANSWER:

Defendant incorporates its answers to Paragraph Nos. 1 to 25 as its answer

to Paragraph No. 26.

**PARAGRAPH NO.  27:**

By the conduct stated, Defendant has discriminated against Plaintiff because of her race in violation of Title VII and Section 1981.

**ANSWER**:

Defendant denies the allegations in this paragraph.

## GENERAL DENIAL

Except as expressly admitted above, Defendant denies the allegations contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to the applicable statute of limitations, Plaintiff's claims are time-barred.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Title VII claims exceed the scope of the charge of discrimination Plaintiff filed with the EEOC, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff otherwise failed to exhaust her administrative remedies and/or failed to comply with the procedural prerequisites prior to

bringing her claims before this Court, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because Defendant's decisions with respect to her employment were legitimate and non-discriminatory.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable anti-discrimination laws.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or correctional opportunities provided by Defendant or to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate her damages, her recovery, if any, must be reduced accordingly.

WHEREFORE, Defendant respectfully submits that Plaintiff's Complaint should be dismissed in its entirety with prejudice and that Defendant should be

awarded its costs, attorneys' fees, and any other relief this Court deems

appropriate.

Respectfully submitted,

By: s/Maile Gilmore
John F. Meyers
Georgia Bar No. 503692
Charles L. Bachman, Jr.
Georgia Bar No. 030545
Maile Gilmore
Georgia Bar No. 300451
SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street
Suite 700
Atlanta, GA  30309-2401
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
Attorneys for Defendant

Date:  February 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FELICIA CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:05-cv-3217-WSD |
| | ) | |
| WELLSTAR HEALTH SYSTEM, | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served upon the following counsel of record a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, by U.S. regular mail, proper postage prepaid, on February 24th, 2006:

> John D. Wales, Esq.
> Barbara M. Heyne, Esq.
> LAW OFFICES OF JOHN D. WALES
> 1950 Spectrum Circle, Suite 400
> Marietta, Georgia 30067

> s/Maile Gilmore
> Counsel for Defendant

13

AT1 32305365.1