IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELICIA CHATMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | 1:05-CV-3217-WSD |
| WELLSTAR HEALTH SYSTEM, INC., ) | |
| ) | |
|     Defendant. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE**

COME NOW the parties, through their undersigned counsel of record and, pursuant to LR 16.2, file this Joint Preliminary Report and Discovery Schedule.

**1.     Description of Case:**

(a)     Describe briefly the nature of this action.

Plaintiff files this action against Defendant for race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and race discrimination in violation of 42 U.S.C. § 1981 ("Section 1981").

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative or recite evidence.

(1)     Plaintiff's summary of the facts:

Plaintiff is an African-American woman and is employed as a nurse at Defendant's Kennestone Hospital in Kennesaw, Georgia. On or about October 4, 2004, Plaintiff learned that a Weekend Option nurse position [working 24 hours for 32 hours pay with full-time benefits] was available in the Infusion Center. Plaintiff was qualified for the position. Plaintiff expressed her interest in the position to Kathi Mansfield, her manager. For the remainder of October, Plaintiff and Ms. Mansfield continued to discuss Plaintiff's interest in the position, as well as salary and benefits associated with the position.

On or about November 2, 2004, Ms. Mansfield informed Plaintiff that the position had been awarded to Francis Jenkins, a Caucasian nurse. Plaintiff was informed that she did not get the position because "the group" did not know her well as a nurse and because she had young children and might decide at some point that she did not want to work weekends.

(2)   Defendant's summary of the facts:

Plaintiff was hired by WellStar on August 16, 2004 as a Nurse in the Infusion Center. Later, Plaintiff applied for a full-time Weekend Option position. Another WellStar employee, Francis Jenkins, also applied for the position. WellStar considered the relevant qualifications of the two applicants and selected Ms. Jenkins for the position because she was the most qualified candidate.

2

    (c)    The legal issues to be tried are as follows:

        (1)    Whether Defendant discriminated against Plaintiff because of her race in violation of Title VII;

        (2)    Whether Defendant discriminated against Plaintiff because of her sex in violation of Title VII; and

        (3)    Whether Defendant discriminated against Plaintiff because of her race in violation of Section 1981.

    (d)    The cases listed below (include both style and action number) are:

        (1) Pending Related Cases: None.

        (2) Previously Adjudicated Related Cases: None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_ (1)    Unusually large number of parties
    \_\_\_\_\_ (2)    Unusually large number of claims or defenses
    \_\_\_\_\_ (3)    Factual issues are exceptionally complex
    \_\_\_\_\_ (4)    Greater than normal volume of evidence
    __X__ (5)    Extended discovery period is needed
    \_\_\_\_\_ (6)    Problems locating or preserving evidence
    \_\_\_\_\_ (7)    Pending parallel investigations or action by government
    \_\_\_\_\_ (8)    Multiple use of experts
    \_\_\_\_\_ (9)    Need for discovery outside United States boundaries
    \_\_\_\_\_ (10)    Existence of highly technical issues and proof

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**          John D. Wales
                        LAW OFFICES OF JOHN D. WALES
                        1950 Spectrum Circle, Suite 400
                        Marietta, Georgia 30067
                        (770) 850-2545
                        (770) 850-2548 (facsimile)

**Defendant:**          Charles L. Bachman, Jr.
                        SEYFARTH SHAW LLP
                        1545 Peachtree Street
                        Suite 700
                        Atlanta, Georgia 30309
                        (404) 885-1500
                        (404) 892-7056 (facsimile)

**4.      Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

    ( )   Yes         ( X ) No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claims on which the objection is based. Each objection should be supported by authority.

**5.     Parties To This Action:**

(a)     The following persons are necessary parties who have not been joined: None.

(b)     The following parties are improperly joined as parties: N/A

( c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary: None.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

( c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties agree to exchange Initials Disclosures by March 20, 2006.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, state the issues which could be addressed and the position of the party.

The parties do not request a scheduling conference.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and ( c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track

to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties anticipate written discovery and depositions on the claims and defenses of the parties.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not anticipate the need for additional time to complete discovery, but reserve the right to move the court for an extension of time should unforeseen events so warrant.

11. Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed: None.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26( c) or under Rule 16(b) and ( c):

The parties may move for a protective order of confidential information.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 13, 2006, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**: Lead Counsel (signature): **s/ John D. Wales, Esq.**

Other participants:

**For Defendant**: Lead Counsel (signature): **s/ Charles L. Bachman, Jr., Esq.**

Other participants:

(b) All parties were promptly informed of all offers of settlement, and following discussion by all counsel, it appears that there is now:

(   ) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(   ) A possibility of settlement, but a conference with the judge is needed.
(   ) No possibility of settlement.

(c) Counsel ( X ) do or (   ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery . The proposed date of the next settlement conference is agreed between counsel.

(d) The following specific problems have created a hindrance to settlement of this case: None.

14. Trial By Magistrate Judge:

Note: Trial before a magistrate judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (  ) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United Stated Magistrate Judge form has been submitted to the clerk of the Court this ____ day of _____, 200_.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

This 27th day of March, 2006.

> **s/ John D. Wales, Esq.**
> Georgia Bar No. 730785
> Attorney for Plaintiff
> LAW OFFICES OF JOHN D. WALES
> 1950 Spectrum Circle, Suite 400
> Marietta, Georgia 30067
> Telephone:  (770) 850-2545
> Facsimile: (770) 850-2548
> Email: JohnDWales@aol.com

[SIGNATURES CONTINUE ON NEXT PAGE]

**s/ Barbara M. Heyne, Esq.**
Georgia Bar No. 350415
Attorney for Plaintiff
LAW OFFICES OF JOHN D. WALES
1950 Spectrum Circle, Suite 400
Marietta, Georgia 30067
Telephone: (770) 850-2545
Facsimile: (770) 850-2548
Email: BarbaraMHeyne@aol.com

**Attorneys for Plaintiff**

WellStar Health System, Inc.

By: **s/ Charles L. Bachman, Jr.**
John F. Meyers
Georgia Bar No. 503692
Charles L. Bachman, Jr.
Georgia Bar No. 030545
Maile Gilmore
Georgia Bar No. 300451
SEYFARTH SHAW LLP
1545 Peachtree Street - Suite 700
Atlanta, GA 30309-2401
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

**Attorneys for Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:_____

_____

_____

    IT IS SO ORDERED, this _____ day of _____, 200_.

                                            _____
                                            UNITED STATES DISTRICT JUDGE